1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   EDUARDO PEGUEROS,                         Civil No.    10-CV-1866 JLS (BLM)
     BOP #12026-298,
12
                                    Plaintiff,  **ORDER SUA SPONTE DISMISSING**
13                                              **FIRST AMENDED COMPLAINT**
                                                **FOR FAILING TO STATE A**
14        vs.                                   **CLAIM PURSUANT TO**
                                                **28 U.S.C. §§ 1915(e)(2) & 1915A(b)**
15   JUAN VILLASENOR; DAVID LUSCHE;
     FARIES; FEDERAL BUREAU OF
16   PRISONS,
                                    Defendants.
17

18

19

20   **I.        Procedural History**

21        On August 31, 2010, Plaintiff, Eduardo Pegueros, a federal inmate currently incarcerated

22   at the Federal Correctional Institution (FCI) Herlong, located in Herlong, California initially

23   filed this civil action on August 31, 2010 [ECF No. 1].  At the time Plaintiff initially filed this

24   action he was housed at the Metropolitan Correctional Facility in San Diego, California.   In

25   addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

26   § 1915(a).

27        On October 12, 2010, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte

28   dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)( &

1915A(b).  *See* Oct. 12, 2010 Order at 7-8.  Plaintiff was granted forty five (45) days leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order.  *Id.*  Plaintiff failed to comply with the Court's time line and instead submitted his First Amended Complaint ("FAC") nearly a year later on September 13, 2011 which the Court permitted to be filed.

## II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A.     Standard

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the

plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**B.    Bivens Action**

Once again Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 but he names only Federal actors as Defendants.  Accordingly, the Court will consider Plaintiff's claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971).  *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978).  "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

*Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).  However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity.  *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).  *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly-Murphy*, 837 F.2d at 355.

**C.    Inadequate Medical Care Claims**

In his First Amended Complaint, Plaintiff seeks to sue Defendants who were alleged to be medical personnel at the Metropolitan Correctional Facility ("MCC") in San Diego where Plaintiff was purportedly a pre-trial detainee.  Based on the filing of his First Amended

1  Complaint, Plaintiff appears to be currently incarcerated at the Federal Correctional Institution

2  in Herlong, California following his criminal conviction.

3        Because Plaintiff's First Amended Complaint appears to relate solely to the time he was

4  incarcerated at MCC as a pretrial detainee, the Eighth Amendment does not apply.  *Bell v*

5  *Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after

6  the State has complied with the constitutional guarantees traditionally associated with criminal

7  prosecutions. . . . [and] the State does not acquire the power to punish with which the Eighth

8  Amendment is concerned until after it has secured a formal adjudication of guilt in accordance

9  with due process of law."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)

10 ("Because [petitioner] had not been convicted of a crime, but had only been arrested, his rights

11 derive from the due process clause rather than the Eighth Amendment's protection against cruel

12 and unusual punishment.").

13       Rather, Plaintiff's conditions of confinement claims must be analyzed under "the more

14 protective" substantive due process standard.  *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir.

15 2004); *see also Wolfish*, 441 U.S. at 538-39 ("Absent a showing of an express intent to punish

16 on the part of detention facility officials, . . . if a particular condition or restriction of pretrial

17 detention is reasonably related to a legitimate governmental objective, it does not, without more,

18 amount to 'punishment.'"); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)

19 ("The concept of 'substantive due process,' semantically awkward as it may be, forbids the

20 government from depriving a person of life, liberty, or property in such a way that 'shocks the

21 conscience' or 'interferes with rights implicit in the concept of ordered liberty.'") (quoting

22 *United States v. Salerno*, 481 U.S. 739, 746 (1987).  However, "the due process clause imposes,

23 *at a minimum*, the same duty the Eighth Amendment imposes: 'persons in custody ha(ve) the

24 established right not to have officials remain deliberately indifferent'" to their needs.  *Gibson*,

25 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)); *Lolli v. County*

26 *of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003).  The Court will therefore look to Eighth

27 Amendment standards to determine the minimum level of protection afforded Plaintiff.

28

Plaintiff's First Amended Complaint contains very few factual allegations.  He does allege that he suffered from hives and a rash for an unspecified period of time.  (*See* FAC at 3-4.) He further alleges that "defendants refused to properly treat his medical condition of rashes and hives."  (*Id.*)

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's First Amended Complaint, once again, lacks sufficient allegations to demonstrate that he has a "serious" medical need.  Even if  Plaintiff has alleged facts sufficient to establish the existence of a serious medical need, he must also allege that each Defendant's response to his need was deliberately indifferent.  *Farmer*, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

*Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff offers no factual allegations other than the conclusory statement that defendants refused to "properly treat" his rash and hives. (FAC at 3.) Plaintiff has to provide specific factual allegations with regard to his interactions with Defendants, whether he received any treatment or how they refused to provide him with any treatment. His statement suggests that he has mere difference of opinion in how he should be treated. However, a difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the First Amended Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")

Thus, the Court finds that Plaintiff has failed to allege a deliberate indifference to serious medical need claim. While Plaintiff will be given the opportunity to file an Amended Complaint, he is, once again, cautioned that he must provide factual allegations that link an allegation of a constitutional violation to a specific Defendant.

## III.   CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that

Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named

and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Clerk of Court is directed to mail a Court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  October 18, 2011

Honorable Janis L. Sammartino
United States District Judge